IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BONITA L. JONES,

        Plaintiff,

v.                                             Case No. 14-2467-SAC

MARITZ RESEARCH
COMPANY,

        Defendant.

MEMORANDUM AND ORDER

This pro se employment discrimination case comes before the Court on Defendant's motion to dismiss for lack of jurisdiction and for failure to state a claim, or alternatively, for a more definite statement.

**Pro se Complaints**

Pro se complaints, however inartfully pleaded, must be liberally construed, and are held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89 (2007). *See Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). "[The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (quotations and citations omitted). The court should not be the pro se litigant's advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and will not accept as true conclusory

allegations unsupported by factual allegations. *Oxendine v. Kaplan*, 241 F.3d 1272 (10th Cir. 2001).

**12(b)(6) motions**

To survive a motion to dismiss for failure to state a claim, a complaint must have facial plausibility.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id.* [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)] at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556 [127 S.Ct. 1955]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* at 557 [127 S.Ct. 1955].

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868, 884 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[C]ourts should look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 n. 2 (10th Cir. 2007). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in [his] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's … complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). The court accepts all well-pled factual allegations as true and views these allegations in the light most favorable to the nonmoving party. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009), *cert. denied*, 558 U.S. 1148, 130 S.Ct. 1142, 175 L.Ed.2d 973 (2010). The court, however, is not under a duty to accept legal conclusions as true. *Iqbal*, 556 U.S. 662, 129 S.Ct. 1937. "Thus, mere 'labels and conclusions' and 'formulaic recitation of the elements of a cause of action' will not suffice." *Khalik*, 671 F.3d at 1191 (10th Cir.2012) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).

In evaluating a Rule 12(b)(6) motion to dismiss, the court is limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint. *Archuleta v. Wagner*, 523 F.3d 1278, 1281 (10th Cir. 2008). But in considering the complaint in its entirety, the Court also examines any documents "incorporated into the complaint by reference," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007), and documents attached to the complaint, *Rosenfield v. HSBC Bank, USA*, 681 F.3d 1172, 1189 (10th Cir. 2012) (quotations and citations omitted).

**Plaintiff's Complaint**

The first page of Plaintiff's complaint states that she is alleging employment discrimination under Title VII and the Age Discrimination in Employment Act. But the following page directed her, "[i]f you are claiming age discrimination, check one of the following," and she checked neither. Dk. 1, p. 2. Her complaint subsequently alleges that she believes she "was discriminated against because of" her "race or color … black American," and her "national origin … black American," and that she stated the same reasons in her EEOC charge of discrimination. Dk. 1, p. 3.

But Plaintiff's EEOC charge checks the box only for race discrimination, and not the boxes for color, national origin, or age discrimination. It states:

> I was employed by the above named employer. My last position held was Assigner.
> On or about July 14, 2014, I had a meeting about my performance. I was told my calls were too low. I improved on my calls. However, on or about July 25, 2014, I was told I did not tell a customer the correct information. I disagree that I told the customer the incorrect information. My Supervisor treated me as if I were not white enough. She made fun of the way I spoke. On or about August 29, 2014, I was let go. I was treated differently than my coworkers.
> I believe I have been discriminated against because of my race, black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

Dk. 1, p. 9.

Her complaint contains very few facts, many conclusions, and much illegible handwriting. Plaintiff alleges that her supervisor was short-tempered and singled her out from her co-workers as being an incorrect "wanna be," as annoying, and as disturbing the other workers. Her supervisor was

4

irritated with her and retaliated against her. Dk. 1, p. 3. She claims that her supervisor Suzanne Gray was very suppressing, short-tempered and hostile toward other co-workers and herself. Plaintiff ignored this behavior until another co-worker, her trainer at the time, walked past her desk and said to her, "Look lady, I almost hurt myself." The co-worker then said, in a more hostile manner, "Close the (illegible)." Plaintiff felt the constant retaliation against her became stronger, as if she were "an idiot." Dk. 1, p. 6. When Plaintiff would ask Gray a question pertaining to Plaintiff's job duties, Gray would answer everyone's questions but hers. This destroyed Plaintiff's peace of mind and made her feel rejected and humiliated, isolated from her coworker(s), and unwanted. Plaintiff alludes to a "cover-up in systems" and states that Plaintiff is not ashamed of her color. But the Court cannot decipher the complaint's other allegations. Dk. 1, p. 6-7.

    In her response to the motion to dismiss, Plaintiff alleges that her supervisor was rude and that unnamed team members were constantly rude and impolite as she answered inbound calls. Plaintiff complained of their behavior to Suzanne Gray, and discussed the behavior with an (illegible) office of Maritz Research. She was told by someone at some point that the job wasn't for her. Dk. 9, p 2. In her argument, Plaintiff alludes to "comments," and contends that her general assertions about events leading up to her termination are sufficient, but offers no other facts. *Id.*

5

**Race/Color Claim**

Where, as here, the *McDonnell Douglas* prima facie case applies, its elements help to determine whether the plaintiff has a plausible claim. Khalik, 671 F.3d at 1192. "[A] prima facie case of discrimination must consist of evidence that (1) the victim belongs to a protected class; (2) the victim suffered an adverse employment action; and (3) the challenged action took place under circumstances giving rise to an inference of discrimination." *E.E.O.C. v. PVNF, L.L.C.*, 487 F.3d 790, 800 (10th Cir. 2007).

Plaintiff is black, so belongs to a protected class. And her termination constitutes an adverse employment action. *Piercy v. Maketa,* 480 F.3d 1192, 1203 (10th Cir. 2007) ("Adverse employment action includes significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."). But Plaintiff's EEOC complaint does not mention her termination and instead complains only of how she was treated during her employment. Because Plaintiff alleged only racial harassment in her EEOC charge, she can allege only racial harassment in this case. *See Gilkey v. Protection One Alarm Monitoring, Inc.*, 517 Fed.Appx. 627 (10th Cir. 2013).

"Title VII is not a general civility code for the American workplace." *Dick v. Phone Directories Co.*, 397 F.3d 1256, 1263 (10th Cir. 2005). "Nor does it provide relief for the ordinary tribulations in the workplace." *Hamby*

6

*v. Associated Centers for Therapy*, 230 Fed.Appx. 772, 781, 2007 WL 458011, 8 (10th Cir. 2007). "Accordingly, the run-of-the-mill boorish, juvenile, or annoying behavior that is not uncommon in American workplaces is not the stuff of a Title VII hostile work environment claim." *Morris v. City of Colo. Springs*, 666 F.3d 654, 663–64 (10th Cir. 2012) (internal quotes and citations omitted). And "rudeness does not, standing alone, demonstrate discrimination." *Zamora v. Elite Logistics, Inc.*, 478 F.3d 1160, 1182 (10th Cir. 2007). The court, therefore, requires more than evidence of "mere snubs, unjust criticisms, and discourteous conduct." *Hudson v. AIH Receivable Management Services*, 2012 WL 5306277, 2 (D.Kan. 2012) (quotation marks and citation omitted).

In other words, it is insufficient merely to allege that Plaintiff's supervisor and co-workers were consistently rude to her. Plaintiff's complaint must include specific facts that she was plausibly subjected to a hostile work environment based on her race or color. Plaintiff's complaint alleging a racially hostile work environment should show that the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, and that such action was based on her race/color. *See Morris v. City of Colorado Springs*, 666 F.3d 654 (10th Cir. 2012). Plaintiff's complaint does not appear to meet this criteria, but much of her complaint is unintelligible.

7

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e). Due to the minimal pleading requirements of the Federal Rules, a Rule 12(e) motion is generally disfavored by the court and should be properly granted only when a party is unable to determine the issues to which a response is required. *Creamer v. Ellis Cnty. Sheriff Dep't,* 08–4126–JAR, 2009 WL 484491, at * 1 (D.Kan. Feb. 26, 2009). Rule 12(e) is designed to strike unintelligible pleadings rather than pleadings that lack detail. *Id.*

Such is the case here. Plaintiff's handwriting is illegible in so many places that the Court cannot read it, so the Court cannot reasonably require Defendant to prepare a response to it. Although it does not appear from what the Court can decipher that Plaintiff has stated sufficient facts to make a plausible race/color claim, the Court cannot in good conscience dismiss her claim without understanding what she has written. Accordingly, Plaintiff shall be permitted to file an amended complaint as to her racial harassment claim. The court strongly suggests that she either type the complaint or print clearly on it or have someone else do so for her because she will not be given another opportunity to make clear her claims.

**Age Discrimination Claim**

Having examined the entirety of Plaintiff's complaint, the Court doubts that Plaintiff intends to bring an age discrimination claim, but in an abundance of caution examines the viability of such a claim.

Before bringing actions in federal court, Title VII and ADEA plaintiffs must first timely file an administrative charge with the EEOC or its corresponding state agency, in this case the KHRC. 42 U.S.C. § 2000e–5(e); 29 U.S.C. § 633(b); *Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 528 U.S. 815 (1999). *See also Shikles v. Sprint/United Management Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005). Exhaustion of administrative remedies is a jurisdictional prerequisite to filing a Title VII claim in federal court. *Edmond v. Athlete's Foot Group,* 1997 WL 699053, at *1, 129 F.3d 130 (10th Cir. 1997) (citations omitted). Requiring exhaustion of administrative remedies serves to give notice to the employer and to facilitate internal resolution of those issues. *Martinez v. Potter,* 347 F.3d 1208, 1211 (10th Cir. 2003).

When a plaintiff alleges race and age discrimination, she must exhaust her administrative remedies as to both of those claims. Thus filing an administrative charge alleging race discrimination does not exhaust one's administrative remedies regarding age discrimination.

When determining what allegations are made in the EEOC charge, the Court examines the entire form – the boxes checked by the party as well as the particulars stated by the party.

> The failure to mark a particular box creates a presumption that the charging party is not asserting claims represented by that box. *See Gunnell v. Utah Valley State College,* 152 F.3d 1253, 1260 (10th Cir. 1998). The presumption may be rebutted, however, if the text of the charge clearly sets forth the basis of the claim. *Id.*

*Jones v. U.P.S., Inc.,* 502 F.3d 1176, 1186 (10th Cir. 2007).

Plaintiff, in her EEOC charge, checked the box solely for race, and did not explicitly or implicitly claim age discrimination in her text. And she alleged facts relating solely to race or color discrimination. Plaintiff's EEOC charge thus says nothing about age discrimination, and it is not reasonable to believe that age discrimination would be uncovered by an investigation of plaintiff's claims of racial harassment. *See Martinez,* 347 F.3d at 1210–11. Nor do the allegations in plaintiff's EEOC charge put defendant on notice of any age discrimination claim. Accordingly, plaintiff's age discrimination claims must be dismissed for lack of jurisdiction.

**National Origin Claim**

Plaintiff's complaint, in the nature of the case, states her belief that she has been discriminated against based on her national origin. But Plaintiff did not include any national origin claim in her EEOC charge. Accordingly, this claim shall be dismissed for lack of jurisdiction. The Court thus finds it unnecessary to determine whether Plaintiff's complaint shows the plausibility of the unlikely scenario that she suffered adverse action in America by Americans because she was born in America. *See generally Notari v. Denver Water Dept.*, 971 F.2d 585, 588 (10th Cir. 1992); *Livingston v. Roadway*

10

*Exp., Inc.*, 802 F.2d 1250, 1252 (10th Cir. 1986) (noting prima facie case for reverse discrimination claim requires showing that the defendant is that unusual employer who discriminates against the majority.)

IT IS THEREFORE ORDERED that Plaintiff's age discrimination and national origin discrimination claims are dismissed for lack of jurisdiction.

IT IS FURTHER ORDERED that Plaintiff's motion for more definite statement is granted as to Plaintiff's racial harassment claim, thus Plaintiff is ordered to file an Amended Complaint as to this claim within thirty days of this Order.

Dated this 9th day of December, 2014, at Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge