IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BONITA L. JONES,

        Plaintiff,

v.                                                         Case No. 14-2467-SAC

MARITZ RESEARCH COMPANY,

        Defendant.

MEMORANDUM AND ORDER

     This pro se employment discrimination case comes before the Court on Defendant's motion to dismiss Plaintiff's amended complaint for failure to state a claim. Plaintiff timely filed her amended complaint in response to the Court's prior order, which invited her to do so as to her race claims. (Dk.13). The Court appreciates that the Plaintiff has now printed or typed her information, making her complaint legible. The Court hereby incorporates by reference its prior order (Dk. 13) to the extent not inconsistent with its findings herein.

     The issue is whether Plaintiff has, by her amended complaint, sufficiently stated a claim for race discrimination. The complaint checks the boxes for race-based termination of her employment, disparate terms and conditions of her employment, retaliation, and harassment. Plaintiff's short narrative describing the conduct she believes is discriminatory alleges that

her supervisor, Suzanne Gyro, was short-tempered, that plaintiff was always singled out as being an "incorrect wanna be," and that plaintiff's supervisor said plaintiff was annoying and was disturbing the other workers, which irritated her. Dk. 14 p. 3. Plaintiff further alleges that her supervisor retaliated against Plaintiff for asking questions about different projects or work duties, which Plaintiff felt was important for her work performance. Plaintiff alleges "constant harassment." *Id.*

Plaintiff attaches to her amended complaint a page of "additional information," which continues the factual narrative. Plaintiff alleges that Suzzane Gyro and Mary, a co-worker, were very suppressing, short-tempered, and hostile toward her and another co-worker. Plaintiff became offended by her co-worker's behavior, and the constant harassment worsened to the point that it became the norm. "She" spoke in harsh and disrespectful tones that intimidated Plaintiff. One day her temporary trainer, Shamirra, said to her in a hostile way, "Look Lady! I almost hurt myself. Close the damn draw[er]." Plaintiff felt constantly harassed, ridiculed, and it "became stronger, as if I was an idiot." A co-worker on her team lashed out at another co-worker, telling her she didn't know everything, and the customers would always complain to Plaintiff about how rude and disrespectful they were. One customer, in tears, asked to complain to administration about the constant rudeness and disrespect. When Plaintiff relayed the complaint to her supervisor and asked if the matter was being

handled, her supervisor replied, "Yes. I barred her calls so she can never call again."

Plaintiff's supervisor asked to meet with her a couple of times: once to complain about Plaintiff's low calls and later to tell Plaintiff she was not improving, and that "they" were coming down hard on her because of something Plaintiff had told a customer. Plaintiff felt that she was being picked on for no reason, felt rejected and humiliated, and lost her peace of mind. She felt unwanted and isolated from the other workers.

Plaintiff then states: "Where 'Shame of Racism,' was 'covered' up by narrow min[d]edness, ignorance and vain Modesty ' Of Cohearsh dishonesty This behavior [was accepted] by other[s], but as I observed, the behavior, I became very offended." After she met with Ms. Gyro another time, she was terminated, then went to the EEOC and filed the underlying charge.

## ANALYSIS

### Racial Harassment/Disparate Treatment

The Court's prior order attempted to explain to Plaintiff what must be shown to state a claim for racial harassment.[1]

> … it is insufficient merely to allege that Plaintiff's supervisor and co-workers were consistently rude to her. Plaintiff's complaint must include specific facts that she was plausibly subjected to a hostile work environment based on her race or color. Plaintiff's complaint alleging a racially hostile work environment should show that the workplace is permeated with discriminatory intimidation,

---

[1] That order erred in stating that Plaintiff's EEOC charge alleged only racial harassment, as that charge arguably included race-based termination and disparate treatment as well. *See* Dk. 13, p. 6.

3

> ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, and that such action was based on her race/color. *See Morris v. City of Colorado Springs*, 666 F.3d 654 (10th Cir. 2012).

Dk. 13, p. 7. Having reviewed the amended complaint, and construing it in the light most favorable to the Plaintiff, the Court finds that the amended complaint fails to meet the legal standard. Nothing in the amended complaint states the race or color of Plaintiff's supervisor, coworkers, or customers.  But even if the complaint had stated that Plaintiff is black and others were not, nothing in the factual allegations raises a plausible inference that Plaintiff was treated differently than her co-workers because Plaintiff is black. Nor do the facts show "severe or pervasive" acts by the defendant sufficient to alter the conditions of Plaintiff's employment. Plaintiff's amended complaint contains too few facts, too many conclusions, and falls far short of the plausibility required by *Iqbal*, *Twombly, and Khalik*. *See* Dk. 13.

**Racial Termination**

To state forth a prima facie case of discrimination under Title VII, a plaintiff must establish that (1) she is a member of a protected class, (2) she suffered an adverse employment action, (3) she was qualified for the position at issue, and (4) she was treated less favorably than others not in the protected class. *See Khalik,* 671 F.3d at 1192 (internal citation omitted).

4

Plaintiff establishes that she is black and was terminated, but none of the alleged facts meet the third or fourth elements or otherwise give rise to an inference of discrimination. This claim must be dismissed.

**Retaliation**

To set forth a prima facie case of retaliation under Title VII, a plaintiff must establish that (1) she engaged in protected opposition to discrimination, (2) a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action. *Khalik*, 671 F.3d at 1193 (internal quotations and citation omitted).

In her EEOC charge, Plaintiff checked the box only for "race," and not the box for "retaliation." Dk. 1, p. 9. And her narrative arguably alleges disparate treatment, discrimination, and termination, but neither mentions retaliation nor states facts that may support such a claim. Therefore, the retaliation claim in Plaintiff's amended complaint is outside the scope of the investigation that could reasonably be expected to grow out of her EEOC charges. *See Atkins v. Boeing Co.*, 1933 WL 186170, *3 (D.Kan. 1993), *aff'd* 28 F.3d 112 (10th Cir. 1994). Accordingly, Plaintiff has failed to exhaust her administrative remedies for such a claim.

But even if a retaliation claim had been included in Plaintiff's EEOC charge, Plaintiff's amended complaint fails to state a plausible claim of retaliation. The only retaliation arguably alleged in the complaint is that

Plaintiff's supervisor retaliated against her because she asked questions related to her job. But that kind of retaliation is not illegal under Title VII. Nothing in the amended complaint shows that Plaintiff engaged in protected opposition to race discrimination (such as making an internal complaint about race discrimination or filing an EEOC charge) *before* she was terminated or subjected to other adverse action. *See McCue v. State of Kansas,* 165 F.3d 784, 789 (10th Cir. 1999); *Pastran v. K–Mart Corp.,* 210 F.3d 1201, 1205 (10th Cir. 2000). Instead, the facts allege that Plaintiff filed her EEOC charge *after* she was terminated. Accordingly, the Court finds that the amended complaint fails to show a plausible causal connection between Plaintiff's filing of her EEOC charge, or any other protected activity, and any adverse employment action. Accordingly, any claim of retaliation shall also be dismissed.

    IT IS THEREFORE ORDERED that Defendant's motion to dismiss (Dk. 15) is granted.

    Dated this  27th  day of January, 2015, at Topeka, Kansas.


                                      s/Sam A. Crow
                                    Sam A. Crow, U.S. District Senior Judge